Reese, J.
delivered the opinion of the court.
Thomas Gill in his life-time, with a view, as he alledges, to the comfort and maintainance of his wife after his death, and on condition that she should have no further interest in his estate, made a deed of gift to his wife in remainder of certain negroes and other property, but containing a stipulation, that if she died before him, she might dispose of the property by will, and her legatees should immediately thereafter enjoy the same. He afterwards made and published his will, and therein referred to the deed of gift and made for the wife some further provision. After this the wife made and executed in due form, a paper purporting to be her last will and testament and disposing of the property mentioned in *223 the deed of gift to certain of her next of kin, and afterwards died, leaving the husband. He was cognizant at the time that his wife was occupied in the execution of the will, in an adjoining room; although it does not appear, that he had any precise knowledge of the contents of the instrument, other than he might be supposed to derive from the execution by him of the deed of gift; nor does he seem to have expressed any dissent from the. proceedings at that time. Probate was had of the instrument in the county court, and the executors therein named renounced', and letters testamentary with the will annexed were granted to the complainants. The husband did not take any part in the proceeding upon the probate; he gave no assent, and he made no opposition, if he knew of it. Conversations of his on the subject, proved in the record, seemed to imply both his belief that the property passed, and his willingness that it should go to those claiming it under the will. Under these circumstances the question arises, whether the complainants are entitled to the relief prayed. And first as to the deed. It is a mere voluntary conveyance, in remainder, of personal property belonging to and in possession of the husband, to the wife, and to her assigns, and the husband survived her. So, as a deed of conveyance, it avails nothing. 2ndly as to the will. 1. A wife can make a will of property which is hers, not yet reduced into the husband’s possession; but this with the assent of the husband, not in general, but to the particular will; and in such case, the assent avails nothing, unless he survive, it being but his waiver of his right of being her administrator. 2ndly for the separate property of the wife, a power of disposition by will exists independently of the assent of the husband. 3dly, where, by agreement before marriage, or subsequently, upon a valid consideration, a power of appointment by will is given to the wife, she may with the assent of the husband make a will; but even in such case as that, it is ruled by Lord Hardwick in the case of Henley vs. Phillips, “that though a feme covert has a power of disposing of a sum of money, or any other thing, by a writing purporting to be a will, yet after the wife’s death the proving it in the spiritual court will not give it the authority of a will, but it will still be considered as an instrument only, or an appointment of such sum, or other thing in pursuance of the power, and before it is proved in the Commons as a testamentary conveyance, the husband ought to be examined there as to his consent, nor till then, will it have the effect and operation *224 ■of a will.” 2 Atkins 48. But the case before us is hardly that case. It is nothing but a voluntary authority, without consideration, given by the husband to the wife to make a will of a certain portion of his property. If it operates at allitis as his will. If he has probate made of it and delivers the property, then,-indeed, the property passes by his will, if it may be so called, creditors being out the question.
We have been anxious to sustain, if we could, the decree, rendered in this case, the more especially because we have a strong impression, that the effect of the instrument referred to, in connection with the-conduct of Thomas Gill at and after the making of the last one, is to transfer the property in question from Thomas Gill to the appointees of his wife, as his donees. But rthese complainants sue as administrators with the will annexed, and they have no title or interest, except as the same may be found in their representative character, and in the testamentary validity of the instrument of which probate has been made. The decree must be reversed and the bill dismissed, but without costs and without prejudice,